IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Tucker, )<br>)<br>    Plaintiff, )<br>)   Civil Action No. 2:23-cv-4844-BHH<br>v. )<br>)<br>Wellpath Recovery Solutions, )   **<u>ORDER</u>**<br>)<br>    Defendants. )<br>_____ ) | |

  This matter is before the Court upon Plaintiff Anthony Tucker's pro se ("Plaintiff") complaint seeking relief pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

  On April 24, 2024, Magistrate Judge Mary Gordon Baker issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this action for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction, and that the action be dismissed without further leave to amend, as Plaintiff has already had the opportunity to do so. (ECF No. 13.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

  The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to

which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis.

Accordingly, **the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 13),** and for the specific reasons set forth by the Magistrate Judge, the Court summarily dismisses this action for failure to state a claim upon which relief may be granted, for lack of subject matter jurisdiction, and without further leave to amend.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

May 15, 2024
Charleston, South Carolina